**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-4087

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

TYQUEL MARTEZ ALSTON,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, District Judge. (5:18-cr-00183-D-1)

Submitted: August 30, 2019               Decided: October 28, 2019

Before WILKINSON, NIEMEYER, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Richard Croutharmel, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Banumathi Rangarajan, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tyquel Martez Alston pled guilty to receipt of a firearm while under indictment for a felony, in violation of 18 U.S.C. §§ 922(n), 924(a)(1)(D) (2012), and was sentenced to 54 months' imprisonment. On appeal, Alston contends that the district court abused its discretion in departing upward from the Sentencing Guidelines range of 30 to 37 months' imprisonment based on the inadequacy of his criminal history category. *See* U.S. Sentencing Guidelines Manual § 4A1.3(a), p.s. (2018). We affirm.

"We 'review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard.'" *United States v. Blue*, 877 F.3d 513, 517 (4th Cir. 2017) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). "We must defer to the district court and affirm a reasonable sentence, even if we would have imposed something different." *United States v. Bolton*, 858 F.3d 905, 915 (4th Cir. 2017) (internal quotation marks omitted). In determining whether the district court properly applied the Sentencing Guidelines, we review the court's factual findings for clear error and its legal conclusions de novo. *United States v. Oceanic Illsabe Ltd.*, 889 F.3d 178, 194 (4th Cir. 2018). "When, [however], a district court offers two or more independent rationales for its deviation, an appellate court cannot hold the sentence unreasonable if the appellate court finds fault with just *one* of these rationales." *United States v. Evans*, 526 F.3d 155, 156 (4th Cir. 2008).

In light of these principles and after review of the record and the parties' briefs, we conclude that Alston fails to establish reversible sentencing error by the district court. Assuming without deciding that the district court erred in departing under USSG § 4A1.3,

2

p.s., such error was harmless. *See United States v. Gomez-Jimenez*, 750 F.3d 370, 382-83 (4th Cir. 2014) (addressing parameters of assumed error harmlessness review); *Evans*, 526 F.3d at 164-65 (holding that any error in application of upward departure Guideline was harmless because upward variance justified sentence imposed). Here, the district court determined that the 54-month prison term was warranted both as an upward departure sentence and, alternatively, as an upward variant sentence in light of the nature and circumstances of Alston's offense conduct and his history and characteristics and the need for the sentence to promote respect for the law, to incapacitate Alston, and to provide just punishment, *see* 18 U.S.C. § 3553(a)(1), (2)(A), (C) (2012). On appeal, Alston offers no challenge to these bases supporting imposition of the 54-month term or argument that the term is not justified under § 3553(a) and, therefore, unreasonable. By failing to present challenges in these regards, Alston has waived review of these issues. *See United States v. Alvarado*, 816 F.3d 242, 253 n.1 (4th Cir. 2016). He thus fails to establish an abuse of discretion in the district court's determination that the 54-month term is justified under § 3553(a). We therefore affirm the criminal judgment.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*